UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FILED by _____ D.C.

SEP 24 2012

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S. D. of FLA. - MIAMI

THEODORE D. KARANTSALIS,
    Plaintiff,

vs.

DEPARTMENT OF THE NAVY
1000 Navy Pentagon
Washington, DC 20350
    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 to order the production of agency records concerning a copy of the investigative report including the probable and factual findings of a U.S. Navy A-7E Corsair II jet that crashed into an apartment complex at 1814 Central Avenue, Alameda, California, on February 7, 1973, which defendant has improperly withheld from plaintiff.

2. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

3. Plaintiff, Theodore D. Karantsalis, is an academic librarian and freelance journalist whose work has appeared in several newspapers of general circulation including The Miami Herald and is the requester of the records which the defendant is now withholding.

4. Plaintiff has requested this information for use in a news story and its prompt release is important because of the immediate public interest surrounding the upcoming fortieth anniversary of the crash.

5. Defendant Department of the Navy ("NAVY") is an agency of the United States and has possession of the documents that plaintiff seeks.

6. By email dated July 15, 2010, plaintiff requested a copy of the investigative report concerning a copy of the investigative report including the probable and factual findings of a U.S. Navy A-7E Corsair II jet that crashed into an apartment complex at 1814 Central Avenue, Alameda, California, on February 7, 1973. A copy of this email is attached as Exhibit 1.

7. By letter dated July 16, 2010, NAVY forwarded plaintiff's request to the Office of the Judge Advocate General and Director, Naval History and Heritage Command. A copy of this letter is attached as Exhibit 2.

8. By letter dated September 2, 2010, NAVY sought a perfected requested from plaintiff. A copy of this letter is attached as Exhibit 3.

9. By email dated September 8, 2012, plaintiff emailed NAVY a perfected request. A copy of this letter is attached as Exhibit 4.

10. By letter dated September 29, 2010, NAVY responded that the "entire record is missing and presumed lost." A copy of this letter is attached as Exhibit 5.

11. By email dated June 21, 2012, NAVY asked plaintiff whether he still wanted information about the "A-7E mishap and, if so, what specific kind of information" he was looking for. A copy of this letter is attached as Exhibit 6.

12. By phone on June 21, 2012, plaintiff told NAVY that he still wanted the records and specified the information sought.

13. By letter dated June 28, 2012, NAVY released to plaintiff a redacted copy of the final investigative report regarding the A-7E crash. A copy of this letter is attached as Exhibit 7.

14. By letter dated July 6, 2012, plaintiff appealed NAVY's decision to withhold portions of the crash report. A copy of this letter is attached as Exhibit 8.

15. By letter dated August 15, 2012, NAVY denied plaintiff's appeal. A copy of this letter is attached as Exhibit 9.

16. NAVY's decision to withhold portions of the nearly 40-year-old crash report is not in the spirit of President Obama's Memo on the FOIA and the Attorney General's FOIA guidelines and should be released as a matter of discretion.

17. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's denial of such access.

WHEREFORE, plaintiff requests this Court:

(1) Order defendant to provide access to the requested documents;

(2) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(3) Award plaintiff costs and reasonable attorney's fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as may deem just and proper.

Dated: August 31, 2012

Respectfully submitted,

THEODORE D. KARANTSALIS

By: *Theodore P. Karantsalis*
Theodore D. Karantsalis
289 Shadow Way
Miami Springs, Florida 33166
Phone: (510) 863-1189
Fax: (786) 515-9380

# CONFIRMATION NOTICE

Your form has been successfully submitted to the server. If you included your e-mail address or a mailing address you will receive a response to your comments within twenty working days. ("Working days" do not include Saturdays, Sundays, or legal holidays).

If you wish to receive a response and forgot to include contact information, please use your browser's back button, make changes, and resubmit.

For your convenience a copy of the message that you sent appears below. You may save this page or print it for your records.

| | |
|---|---|
| From: | Theo Karantsalis |
| Email: | 305librarian@bellsouth.net |
| Request Type: | copy |
| Records Requested: | a copy of the final investigative report, including probable and factual findings, regarding the U.S. Navy A-7E Corsair II jet that crashed into the 36-unit Tahoe apartment complex (now called "The Sycamore") at 1814 Central Avenue, Alameda, California, on February 7, 1973. |
| Requestor Status: | News media |
| News Media: | The Miami Herald |
| Fee or Waiver: | waiverrequested |
| Amount Willing to Pay: | 250 |
| Waiver Explanation: | News media requesters are charged the costs of reproduction alone, except that the first 100 pages are provided free of charge. As a reporter, requester qualifies as a representative of the news media. This request is made in the course of gathering news and not for a commercial use. |
| Address: | 289 Shadow Way |
| Address: | |



PLAINTIFF'S EXHIBIT
1

| | |
|---|---|
| City: | Miami Springs |
| State or Country: | Florida |
| Zip Code: | 33166 |
| Telephone: | 786-399-7816 |



DEPARTMENT OF THE NAVY
OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON, D.C. 20350-2000

IN REPLY REFER TO

5720
Ser DNS-36H/10U228270
July 16, 2010

Mr. Theo Karantsalis
The Miami Herald
289 Shadow Way
Miami Springs, FL 33166

Dear Mr. Karantsalis:

SUBJECT:  YOUR FREEDOM OF INFORMATION ACT REQUEST DON2010F1367

   Thank you for your Freedom of Information Act (FOIA) request dated July 15, 2010.  Your request was received in our office on July 16, 2010.

   We have determined that the information you are seeking may be maintained by the following officials:

<u>Office of the Judge Advocate General</u>
Tort Claims Unit (Code 15)
Investigations Branch Office
9620 Maryland Avenue, Suite 100
Norfolk, VA 23511-2989

<u>Director, Naval History and Heritage Command</u>
Naval Warfare Division
805 Kidder Breeze SE
Washington Navy Yard, DC 20374-5060

   Therefore, we are forwarding your request to those officials for action and direct response to you.

   Questions regarding the action that this office has taken during the initial processing of your request may be directed to Kristin Stark at (202) 685-6533 or kristin.stark.ctr@navy.mil. For questions regarding the current status of your request, please contact a FOIA Coordinator at the Office of the Judge Advocate General directly at (757) 444-5341 or at NHHC directly at (202) 433-9677.

                           Sincerely,

                           MIRIAM BROWN-LAM
                           Head, DON PA/FOIA Policy Branch
                           By direction of the
                           Chief of Naval Operations
                           (202) 685-6545





**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON DC 20374-5066

IN REPLY REFER TO

5830
Ser F10161
September 2, 2010

MR THEO KARANTSALIS
289 SHADOW WAY
MIAMI SPRINGS FL 33166

Dear Mr. Karantsalis:

   This letter is in response to your request of July 15, 2010 that you sent to the Chief of Naval Operations, in which you requested a copy of an investigation pertaining to the aircraft accident involving an A-7E Corsair II which occurred on February 7, 1973. Your request was received in this office on July 23, 2010 and assigned JAG file number F10161.

   This office serves as the custodian and designated release authority for any investigation conducted pursuant to the Manual of the Judge Advocate General (JAGMAN) convened prior to December 1995.

   Please be advised that, while I wish to fully cooperate in processing your request, your request does not provide sufficient detail to allow for the ready identification and retrieval of the desired documents. Additionally, be advised that the Navy does not maintain a central index or database of all the Department of the Navy records. At a minimum, your request must contain such facts as the exact date of incident, the subject of the investigation, the **name** of the injured or deceased and (if possible) a **bureau number** of an aircraft involved in the accident.

   In view of the above, your request is returned for refinement. If you can provide this additional information, please resubmit your request to me. If you have any questions or concerns, please do not hesitate to contact me directly via phone at (202) 685-4485 or email at lauren.blank@navy.mil. Thank you for your attention to this matter.

                                        Sincerely,

                                        L. BLANK
                                        FOIA Coordinator

PLAINTIFF'S
EXHIBIT
3

# Theo Karantsalis

| | |
|---|---|
| **From:** | Blank, Lauren M CIV OJAG, Code 15 <lauren.blank@navy.mil> |
| **Sent:** | Wednesday, September 08, 2010 7:34 AM |
| **To:** | Theo Karantsalis |
| **Subject:** | RE: JAG file #F10161 |

Mr. Karantsalis,

Thank you for getting back to me so quickly. The information you provided is very helpful. I have conducted a diligent search and found an index card (records from that timeframe are maintained in a hardcopy card catalog, much like a library) pertaining to the information you provided. I have requested the investigation from our offsite storage facility and I expect to receive it in my office within 7-10 business days. Unfortunately, I will not be able to determine if the record is responsive until I able to review its contents. I will contact you as soon as I receive it. Please do not hesitate to contact me if you have any questions or concerns. Thank you again for the additional information and timely response. I hope you have a fantastic day.

Very respectfully,
Lauren Blank
FOIA Coordinator/Investigations Branch Head
Office of the Judge Advocate General (Code 15)
1322 Patterson Ave SE; Bldg 33; Suite 3000
Washington Navy Yard, DC 20374-5066
Main Line: (202) 685-4600
Direct Dial: (202) 685-4485
Fax: (202) 685-5484
Navy FOIA: http://www.foia.navy.mil/
OJAG FOIA: http://www.jag.navy.mil/library/foia.htm

For Official Use Only - Privacy Sensitive - Any misuse or unauthorized disclosure may result in both civil or criminal penalties.

The information contained in this e-mail and accompanying attachments constitute confidential information that may be legally privileged. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this e-mail in error, please notify me immediately by return e-mail or by calling (202) 685-4485.

-----Original Message-----
From: Theo Karantsalis [mailto:karantsalis@bellsouth.net]
Sent: Tuesday, September 07, 2010 19:15
To: Blank, Lauren M CIV OJAG, Code 15
Subject: JAG file #F10161

Dear Lauren,

Thank you for your letter explaining that I need to provide more information for my FOIA request.

1


PLAINTIFF'S EXHIBIT 4

Let me try to provide more details about the crash.

On February 7, 1973, a U.S. Navy A-7E Corsair II jet interceptor piloted by Lieutenant Robert Lee Ward, 28, and assigned to Attack Squadron VA-195, planned a flight from Lemoore Naval Air Station to Sacramento. The plane crashed at 8:13 p.m. into the Tahoe Apartments at 1814 Central Avenue, near my home.

The crash was investigated by a Naval board of inquiry from the Alameda Naval Air Station.

Thanks again for your help with this.

Theo



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
WASHINGTON NAVY YARD
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON DC 20374-5066

IN REPLY REFER TO

5830
Ser F10161
September 29, 2010

Mr. Theo Karantsalis
289 Shadow Way
Miami Springs, FL 33166

Dear Mr. Karantsalis:

   This letter is in response to your perfected Freedom of Information Act (FOIA) request of September 7, 2010, in which you requested a copy of the investigation into the aircraft accident involving A-7E Consair II, which occurred in Alameda, CA on February 7, 1973. Your request was forwarded to me by the Chief of Naval Operations, received in this office on July 23, 2010 and assigned JAG file number F10161.

   Your request has been processed in accordance with the Freedom of Information Act (5 U.S.C. § 552), Privacy Act (5 U.S.C. § 552a), Part 701 of Title 32 of the Code of Federal Regulations, the Department of the Navy Freedom of Information Act Program (SECNAVINST 5720.42F), and the Department of the Navy Privacy Act Program (SECNAVINST 5211.5E).

   This office serves as the custodian and designated release authority for any investigation conducted pursuant to the Manual of the Judge Advocate General (JAGMAN) convened prior to December 1995, and my response is limited to that part of your request.

   Our database indicates a document pertaining to this incident was maintained at the long-term storage facility at the National Records Center in Suitland, Maryland. In conducting my search to respond to your request, I have discovered the entire record is missing and presumed lost. To the extent that there were any pictures or documents concerning this incident in that file, they would have been lost with it.

   There are no assessable fees associated with the processing of your request in this office.



PLAINTIFF'S EXHIBIT 5

```
                                        5830
                                        Ser F10161
                                        September 29, 2010
```

If you believe that an adequate search was not conducted, you may consider this an adverse determination of your request that may be appealed to the designee of the Secretary of the Navy. Such an appeal, if any, must be in writing and addressed to:

Department of the Navy
Office of the Judge Advocate General (Code 14)
1322 Patterson Avenue, Suite 3000
Washington Navy Yard, DC 20374-5066

Your appeal must be postmarked within 60 calendar days from the date of this letter to be considered. A statement as to why you believe a diligent search was not conducted should be included and the enclosed copy of this letter should be attached. Both the appeal letter and the envelope should bear the notation, "Freedom of Information Act Appeal."

If you have any questions concerning this matter, please contact Mrs. Lauren M. Blank at (202) 685-4485 or lauren.blank@navy.mil.

Sincerely,

P. A. LEONARD
Director
Claims and Tort Litigation

2

# Theo Karantsalis

**From:** Jones, Nancy B CIV NAVSAFECEN, 055R <nancy.jones@navy.mil>
**Sent:** Thursday, June 21, 2012 3:49 PM
**To:** 305librarian@bellsouth.net
**Cc:** NRFK_SAFE_FOIA
**Subject:** Your request for information (Karantsalis - 7FEB73 A-7E mishap Alameda)

Mr. Karantsalis,

On July 15, 2010, you filed a FOIA request with the Department of the Navy, asking for information relating to a A-7E Corsair II mishap on February 7, 1973. The aircraft crashed into an apartment complex in Alameda, CA. Your FOIA request was referred (on the same day) to the Naval Historical Center (which has since been renamed the Navy History and Heritage Command). At the time, that agency held the records of aviation mishaps prior to 1980. Recently, the Naval Safety Center reacquired many of those records. Since the staff at the Navy History and Heritage Command had not yet responded to your request for information, they returned it to us for action and we received it in this office on June 19, 2012.

Given the passage of time, I am writing to ask if you still want the information you requested about the A-7E mishap and, if so, what specific kind of information you are looking for. Additionally, if you are still interested, we must have your correct contact information in order to respond to your request. Please reply to this email and provide me with your current mailing address and telephone number.

Thank you for your cooperation.

Regards,

Nancy Jones
Staff Attorney
Naval Safety Center
375 A Street
Norfolk, VA 23511
(757) 444-3520 ext 7047
DSN: 564-3520 ext 7047
FAX: (757) 445-9125



PLAINTIFF'S EXHIBIT 6



**DEPARTMENT OF THE NAVY**
NAVAL SAFETY CENTER
375 A STREET
NORFOLK, VA 23511-4399

```
                                          5720
                                          Ser 055/F0129
                                          June 28, 2012
```

Mr. Theo Karantsalis
289 Shadow Way
Miami Springs, FL 33166

Dear Mr. Karantsalis,

SUBJECT: YOUR FREEDOM OF INFORMATION ACT (FOIA) CASE No.
2012-NSC-147

On July 15, 2010, you sent an email to the Department of the Navy's FOIA Office asking for a copy of the final investigative report regarding an A-7E that crashed into an apartment complex in Alameda, CA on February 7, 1973. Your request was forwarded to this office by the Navy History and Heritage Command and was received on June 19, 2012.

Enclosed is a compact disk containing a redacted copy of the single mishap report which meets the criteria of your request. This redacted copy, which is the best copy we can produce, includes the factual information contained in the original report. Portions containing subjective evaluations, opinions or speculation of the mishap board or endorsers in the chain of command have been withheld. These categories of information are exempt from release under 5 U.S.C. §552(b)(5).

The government has a legitimate interest in withholding portions of the report containing subjective evaluations because these investigations are conducted solely to prevent the loss of life and property. The limitation we impose on the release of personal opinions and speculation of the mishap board and endorsers encourages open, frank and honest discussion of the events surrounding mishaps which leads to safer operations for Navy and Marine Corps personnel worldwide.

The names of Board Members, names of individuals not involved in the mishap, e-mail addresses, telephone numbers, individuals' squadrons or units and social security numbers are also withheld under 5 U.S.C. §552(b)(6) to prevent an unwarranted invasion of their privacy. The social security number of the deceased pilot, his medical information and information about his family have been withheld pursuant to exemption (b)(6) to protect the privacy of surviving family members. Classification markings, i.e. for Official Use Only (FOUO), sensitive, unclassified, classified, etc., within the document are also redacted.

PLAINTIFF'S EXHIBIT 7

· Because your request has been partially denied, you have the right to appeal this determination in writing to the designee of the Secretary of the Navy under the above statute. You should address your appeal to:

>      Judge Advocate General (Code 14)
>      Navy Department
>      Washington Navy Yard
>      1322 Patterson Ave., S.E.
>      Suite 3000
>      Washington, DC  20374-5066

The appeal must be postmarked within 60 days from the date of this letter. A copy of your original letter and this partial denial letter must accompany the appeal. The appeal should be marked "FREEDOM OF INFORMATION ACT APPEAL" both on the envelope and the face of the letter. In order to expedite the appellate process and ensure full consideration of your request, your appeal should contain a brief statement of the reasons you believe this initial decision to be in error. The official responsible for the partial denial of your request is:

>      Brian C. Prindle
>      Rear Admiral, U.S. Navy
>      Commander, Naval Safety Center

In your request, you asked for a waiver of fees and asserted "news media" status. The Department of the Navy's FOIA regulations state that documents shall be furnished without charge if disclosure of the information is in the public interest because it:

(1) Is likely to contribute significantly to public understanding of the operations or activities of the Government; and
(2) Is not primarily in the commercial interest of the requester (32 CFR §286.28(d)).

In accordance with Department of Justice guidance, a requester seeking 'news media' status that does not support its news dissemination function should not be accorded the fee treatment in this subcategory. Further, Congress has statutorily defined a 'representative of the news media' to include 'any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.' Additionally, Congress has defined 'news' as 'information that is about current events or that would be of current interest to the public.' (See USDOJ/OIP, Freedom of Information Act Guide, 2009 Edition, page 103) Merely posting the documents on a website, or making them available to the public without providing an informative analysis of the information does not qualify for the news media category. Documents that do not concern current

2

events or would not be of current interest to the public do not qualify for a waiver of copy fees. Therefore, we placed you in the 'other use' category for the purpose of fees and, as a result, your request is subject to reasonable standard charges for document search and duplication. No fees were assessed in this instance.

If you have any questions, you may contact Ms. Vinez Harwell at (757) 444-3520 Ext 7047 or by e-mail at safe-foia@navy.mil. Please refer to case number 2012-NSC-147.

                Sincerely,

                N. B. Jones
                By direction of the Commander

Enclosure

289 Shadow Way
Miami Springs, Fla. 33166-5151
(510) 863-1189

July 6, 2012

Agency Administrator
Judge Advocate General (Code 14)
Navy Department
Washington Navy Yard
1322 Patterson Ave., S.E.
Washington, DC 20374-5066

FOIA Appeal

Dear Administrator:

This is an appeal under the Freedom of Information Act, 5 U.S.C. § 552.

On July 15, 2012, I made a FOIA request to your agency for a copy of the final investigative report regarding an A-7E that crashed into an apartment complex in Alameda, Calif. on February 7, 1973. On June 28, 2012, your agency partially denied my request on the grounds that portions of the report contained "subjective evaluations, opinions or speculation of the mishap." Copies of my request and the denial are enclosed.

The information which I have requested is clearly releasable under FOIA and, in my opinion, may not validly be protected by any of the Act's exemptions.

I appeal your decision to withhold portions of this report.

I trust that upon re-consideration, you will reverse the decision denying me access to this material and grant my original request. However, if you deny this appeal, I intend to initiate a lawsuit to compel disclosure.

As I have made this request in the capacity of a journalist and this information is of timely value, I would appreciate your expediting the consideration of my appeal in every way possible. In any case, I will expect to receive your decision within 20 business days, as required by the statute.

Thank you for your assistance.

Very truly yours,

Theo Karantsalis



PLAINTIFF'S EXHIBIT 8



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE
SUITE 3000
WASHINGTON NAVY YARD DC 20374

IN REPLY REFER TO:
5720
2012A070165
Ser 14/389
August 15, 2012

Mr. Theo Karantsalis
The Miami Herald
289 Shadow Way
Miami Springs, FL 33166-5151

Dear Mr. Karantsalis:

SUBJECT: FREEDOM OF INFORMATION ACT (FOIA) APPEAL, 2012A070165

    This responds to your letter of July 6, 2012, in which you appeal the partial denial of your FOIA request by the Naval Safety Center (NSC). Specifically, you appeal the redactions to a Safety Investigation Report (SIR) regarding an aviation mishap that occurred on February 7, 1973.

    Your FOIA appeal is a request for a final determination under the FOIA. I thoroughly reviewed your letter and the circumstances surrounding your appeal. I deny your appeal for the following reasons.

    On July 15, 2012, you sent an email to the Department of the Navy's FOIA office requesting a copy of the final mishap report. Your request was forwarded to the Navy Heritage and History Command and, subsequently, to NSC. On June 28, 2012 the NSC provided you a redacted copy of the SIR, explaining that those portions containing subjective evaluations, opinions or speculation of the mishap board pursuant to FOIA exemption b(5), 5 U.S.C §552(b)(5) were redacted. NSC also redacted information pursuant to FOIA exemption b(6), 5 U.S.C §552(b)(6), including the names of individuals not involved in the mishap, social security numbers, medical information related to the pilot, and other personal information.

    Witness statements and the deliberative analyses of findings, conclusions, and recommendations of an Aviation Mishap Board (AMB) are privileged. Such information is withheld from disclosure to encourage witnesses to be as forthcoming as possible with the expectation that a more complete, open, and honest discussion will ensue. The ultimate goal is a thorough

PLAINTIFF'S EXHIBIT 9

```
                                        5720
                                        2012A070165
                                        Ser 14/389
                                        August 15, 2012
```

investigation that will help prevent future accidents. Maintaining the confidentiality of witness statements made in the course of aircraft mishap investigations furthers that aim. I find that the witness statements and information derived from those statements redacted under FOIA Exemption (b)(5) were privileged and thus properly withheld.

The deliberative process privilege, asserted pursuant to FOIA Exemption (b)(5), seeks to ensure that personnel within an agency feel free to provide candid advice to the agency's decision-maker.  With respect to these withholdings, to claim this privilege, courts have established two fundamental requirements: (1) the communication must be pre-decisional, i.e., antecedent to the adoption of an agency policy; and (2) the communication must be deliberative, i.e., a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters.  Courts have long and consistently held that witness statements, and the findings, conclusions, causes, recommendations and the deliberative process in aircraft safety investigation reports are exempt from disclosure. *United States v. Weber Aircraft Corp.*, 465 U.S. 792 (1984); *Badhwar v. Dep't of the Air Force*, 829 F.2d 182 (D.C. Cir. 1987).  This privilege against disclosure of safety investigation reports is also recognized by statute, 10 U.S.C. §2254.  In this case, I determine that the withheld portions of the SIR contain open and frank conclusions and recommendations, and that a disclosure of this type of information would chill the free exchange of advice and recommendation during the Navy and Marine Corps' aircraft safety decision-making process.

I have also considered President Obama's and Attorney General Holder's harm test to determine whether a discretionary release should be made in this case.  I am convinced that, despite the age of investigation, the Navy and Marine Corps' aircraft safety process will be compromised by release of such information.

In addition, I find that the NSC conducted a thorough and conscientious segregability analysis of the exempt material. Although the SIR consisted of 130 pages of material, only 17 pages were redacted pursuant to exemption b(5), and most of these redactions were conducted on a line-by-line basis.

```
                                         5720
                                         2012A070165
                                         Ser 14/389
                                         August 15, 2012
```

    FOIA Exemption (b)(6) allows the Government to withhold information about individuals in personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. "Similar files" includes all information that applies to a particular, identifiable individual. In this case, the records responsive to the requested information are applicable to particular, identifiable individuals and are thus "similar files" for (b)(6) purposes. Information withheld pursuant to Exemption (b)(6) includes the names of board members, names of personnel assisting in the deliberations of the Board, names of individuals not involved in the mishap, social security numbers, telephone numbers, and home addresses. The autopsy reports and related diagrams have been withheld to protect the privacy of surviving family members. I determine that this information was properly withheld pursuant to FOIA Exemption (b)(6).

    One sentence on page two of the responsive material was redacted as the result of what appears to be a scrivener's error. The sentence is not exempt from disclosure, nor does it contain information related to your appeal. If you wish to be provided a copy please contact the number below.

    As the Secretary of the Navy's designee, I am responsible for this denial of your appeal. You may seek judicial review of this decision.

    Should you have further questions or concerns, my point of contact is LCDR Brett Cook, USN, who may be reached by email at: brett.cook@@navy.mil or by telephone: 202-685-5396.

```
                                    Sincerely,

                                    [signature]

                                    S. D. SCHROCK
                                    Director
                                    General Litigation Division
                                    Acting
```

Copy to:
Naval Safety Center
DNS-36

3